Citation Nr: 1806318 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 12-14 709 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUE

Entitlement to Dependency and Indemnity Compensation (DIC) based on service connection for the cause of death of a veteran.


ORDER

DIC benefits are denied. 


FINDING OF FACT

The appellant remarried before the age of 57 and is not a valid surviving spouse claimant. 


CONCLUSION OF LAW

The criteria for DIC based on the cause of death of a veteran have not been met. 38 U.S.C.A. §§ 1110, 1131, 1310, 1312, 5103, 5103A(a), (b), (g), 5107 (West 2014); 38 C.F.R. §§ 3.5, 3.102, 3.159, 3.303, 3.312 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The appellant is the former spouse of a veteran (the Veteran) who had active duty service from October 1976 to December 1979, and from April 1980 to September 1998. The Veteran died in November 2009. 

This appeal comes before the Board of Veterans' Appeals (Board) from a December 2011 rating decision of the RO in Milwaukee, Wisconsin.

In November 2012, the appellant presented testimony at a Board hearing, chaired via videoconference by the undersigned Veterans Law Judge and accepted such hearing in lieu of an in-person hearing before a Member of the Board. See 38 C.F.R. § 20.700(e) (2017). The appellant was informed of the basis for the RO's denial of her claim and she was informed of the information and evidence necessary to substantiate the claim. A transcript of the hearing is associated with the claims file. 38 C.F.R. § 3.103 (2017).

In November 2014, the Board remanded this appeal for additional evidentiary development. The appeal has since been returned to the Board for further appellate action. The Board instructed the RO to make a determination as to whether the appellant was a valid surviving spouse of the Veteran under VA law. However, the RO undertook no additional development on this question, but simply readjudicated the claim on the merits. The Board acknowledges that, under the holding in Stegall v. West, 11 Vet. App. 268 (1998), if the RO fails to comply with the terms of a remand, another remand for corrective action is required. However, the Board finds that there is no dispute as to the facts in this case. Accordingly, an additional remand could not conceivably be of assistance in deciding the appeal. See Soyini v. Derwinski, 1 Vet. App. 541 (1991) (strict adherence to requirements in the law does not dictate an unquestioning, blind adherence in the face of overwhelming evidence in support of the result in a particular case; such adherence would result in unnecessarily imposing additional burdens on VA with no benefit flowing to the veteran); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (remands which would only result in unnecessarily imposing additional burdens on VA with no benefit flowing to the veteran are to be avoided). Therefore, the Board finds that another remand is not necessary. 

The Board has considered the applicability of the holding in Bernard v. Brown, 4 Vet. App. 384 (1993) (when the Board addresses in its decision a question that has not been addressed by the RO, it must consider whether the veteran has been given adequate notice to respond and, if not, whether he has been prejudiced thereby). In this case, while the RO did not discuss the question of whether the appellant is a valid claimant, such a determination is inherent in its decision to address the merits of the claim. In other words, the predicate question of whether a claimant is a valid claimant for the benefit sought would inherently be reached prior to a determination on the merits, even if it was not discussed in the decision. 

Under VA law, DIC benefits are payable to the surviving spouse of a veteran if the veteran died from a service-connected disability. 38 U.S.C.A. § 1310; 38 C.F.R. § 3.5. The term "surviving spouse" means a person of the opposite sex whose marriage to the veteran meets the requirements of § 3.1(j) and who was the spouse of the veteran at the time of the veteran's death; and, (1) who lived with the veteran continuously from the date of marriage to the date of the veteran's death except where there was a separation which was due to the misconduct of, or procured by, the veteran without the fault of the spouse; and, (2) except as provided in 38 C.F.R. § 3.55, has not remarried, or has not since the death of the veteran and after September 19, 1962, lived with another person of the opposite sex and held herself out openly to the public to be the spouse of such person. 38 C.F.R. § 3.50. 

On or after January 1, 2004, the remarriage of a surviving spouse after the age of 57 shall not bar the furnishing of benefits relating to dependency and indemnity compensation, subject to the following limitation. A surviving spouse who remarried after the age of 57, but before December 16, 2003, may be eligible for dependency and indemnity compensation if the application for such benefits was received by VA before December 16, 2004. 38 C.F.R. § 3.55(a)(10). 

In this case, the appellant remarried prior to her 57th birthday. Indeed, she has not yet reached her 57th birthday. A December 9, 2015, VA Form 27-0820 (Report of General Information) reflects a telephone conversation between the RO and the appellant in which the appellant agreed to this fact and stated she was fine with not obtaining the benefit for herself, but wanted the benefit for her children. Thus, there is no dispute as to the essential fact in this appeal. Under VA law, the claimant is not eligible for the benefit she is seeking. 

The Board understands that the appellant wishes her children to have educational benefits. However, the claim on appeal is specific to the appellant and is premised on her relationship to the Veteran as his surviving spouse. If eligible, the Veteran's surviving children may file a claim for benefits directly, or someone may file such a claim on their behalf if they are still minors. However, to date, no such claim has been received, and the VA Form 27-0820 does not meet the requirements of an intent to file (3.155(b)) or those of a complete claim under 38 C.F.R. § 3.155(a). 

In sum, there is no dispute over any pertinent fact necessary to resolve this appeal. Accordingly, the Board finds, as a matter of law, DIC is not warranted. See Sabonis, 6 Vet. App. at 430(where the law is dispositive, the claim must be denied due to a lack of legal merit). 




____________________________________________
JONATHAN B. KRAMER 
Veterans Law Judge, Board of Veterans' Appeals

ATTORNEY FOR THE BOARD L. Cramp, Counsel

Copy mailed to: Kentucky Center for Veterans Affairs


Department of Veterans Affairs